**Preston Lee DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00012–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 29, 1987.

Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty. Cathleen C. Herasimchuk, Danise Crawford, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

WARREN, Justice.

A jury convicted appellant of possession of cocaine, a controlled substance. The court found two enhancement paragraphs to be true, and assessed punishment at 35 years confinement.

At approximately 2 a.m. on August 16, 1986, Houston Police Officers Donovan and Smith were on patrol and driving east on Yellowstone Street in Houston. They saw appellant and two other men standing near a pick-up truck in the parking lot of an apartment complex. The parking lot was located across the street from a 24–hour bar known by the police to be a front for drug-trafficking.

The police officers stopped their car and asked the three men for identification. The appellant and one of the other men produced I.D. cards. A radio check revealed that appellant had three outstanding city warrants. Appellant was then arrested and searched, and the search yielded a small zipped bag of cocaine in the right front pocket of his shirt.

Appellant's sole point of error complains of the trial court's denial of his motion to suppress the cocaine. Appellant argues that his temporary detention for identification constituted a "seizure" without probable cause; thus, his subsequent arrest and search were invalid.

The trial court is the sole trier of fact at a hearing on a motion to suppress; there-

fore, we are not at liberty to disturb any finding that is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex. Crim.App.1981).

In *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), the Court concluded that:

[A] person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person. 446 U.S. at 555, 100 S.Ct. at 1877.

In *Mendenhall*, federal agents approached the respondent in a concourse of an airport, identified themselves as federal agents, and requested to see her identification and plane ticket. The agents noticed that her ticket was not issued in the name given on her license, and asked respondent if she would accompany them to the Drug Enforcement Agency office for further questions. Respondent agreed. At the office, the agent asked respondent if she would allow a search of her person and her bag, and told her that she had the right to decline the search. Respondent agreed to the search, and heroin was found in her undergarments. The Court found that respondent had not been placed under arrest or otherwise detained when she was asked to accompany the agents to the Drug Enforcement Agency office because nothing in the record suggested that she had any objective reason to believe that she was not free to end the conversation in the concourse and proceed on her way. *Id.* at 555, 100 S.Ct. at 1877.

In a similar case, the Supreme Court found that the detention did constitute a seizure in violation of the Fourth Amendment. *See Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Royer was approached in an airport by two detectives who requested that he produce his airline ticket and driver's license. When he complied, the detectives identified themselves as narcotic investigators and, without returning the ticket or identification, asked him to accompany them to a small room. Without Royer's consent, one of the detectives retrieved Royer's luggage from the airline and brought it to the room. The detectives then searched Royer's luggage, found marijuana, and told him he was under arrest.

The *Royer* court distinguished *Mendenhall* in reaching its conclusion that Royer's confinement was unlawful. The court noted that Royer was taken into a small room with two officers. The officers retained Royer's ticket and identification throughout the encounter and seized and took possession of Royer's luggage. At no time did the officers advise Royer that he could decline to be searched. Under the *Royer* circumstances, a reasonable person could not have concluded that he was free to leave. 460 U.S. at 503–04 n. 9, 103 S.Ct. at 1327–28 n. 9.

Appellant relies upon *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 359 (1979), for his contention that his own detention for the purpose of asking him for identification constituted a "seizure." In that case, two policemen approached Brown in an alley in an area that had a high incidence of drug traffic. The officers asked Brown to identify himself· and to explain his reason for being there. The officers did not claim to suspect Brown of any specific misconduct. The officer testified that he stopped Brown because Brown "looked suspicious." Brown refused to identify himself and told the police that they had no right to stop him. Brown was frisked, and when he continued to refuse to identify himself, the officers arrested him for violation of a statute that makes it a criminal act for a person to refuse to give

his identification to an officer "who has lawfully stopped him and requested the information." Tex.Penal Code Ann. § 38.02(a) (Vernon 1974). The Supreme Court held that the officers' detention of Brown violated the Fourth Amendment because the officers did not have a reasonable suspicion that Brown was involved in criminal conduct. 443 U.S. at 52, 99 S.Ct. at 2641.

The *Mendenhall* court distinguished *Brown v. Texas,* by concluding that Brown was not "seized" until he was frisked and arrested. Because the officers had no reason to suspect Brown of misdoing, the seizure was not permissible. *Mendenhall,* 446 U.S. at 555, 100 S.Ct. at 1877. According to *Mendenhall,* the request for identification was not a seizure and was not a violation of the Fourth Amendment, even in the absence of a reasonable suspicion of malfeasance.

Nothing in the record in our case indicates that appellant was "seized" prior to the radio communication of his outstanding warrants. The evidence shows that the officers approached the appellant and his two companions and requested identification. There is no evidence that the officers threatened or compelled the men to produce identification or that appellant did not willingly produce identification. Appellant was not "seized" until he was placed under arrest to answer the outstanding city warrants.

Appellant's point of error is overruled, and the judgment of the trial court is affirmed.