Lorron Bernard HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–88–073–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 26, 1989.

Discretionary Review Refused
Feb. 7, 1990.

V. Dale Jefferson, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Lorron Bernard Harris, appellant, challenges his conviction for possession of cocaine on the basis of a ten-to-fifteen-minute lapse between the time undercover police officers saw him handle a plastic bag and their return to the scene, where they arrested him and two other men and seized a plastic bag containing cocaine. Appellant contends that the record does not provide sufficient evidence to affirmatively link him to the particular cocaine that was seized. A jury convicted and sentenced appellant to seven (7) years confinement in the Texas Department of Corrections. We affirm.

Following a tip from an informant, officers D.S. Berry and Donald DeBlanc of the Houston Police Department crawled beneath an abandoned house to conduct a late-night surveillance of possible drug-dealing in a parking lot near the Blues Lounge in Houston's Third Ward. Officer Berry testified that from across the street he saw the appellant and Lonnie Houston standing in the parking lot two to three feet from the street. Appellant twice walked back to an iron, T-shaped clothesline post, reached into an open end of the "T" and removed a single, large plastic bag containing smaller baggies of a substance that Officer Berry presumed to be cocaine. Appellant then reached inside the large bag, removed something, replaced the bag in the open end of the "T" and brought the package which he had removed to one of several black males standing nearby. Officer Berry also testified he saw "more black men hand him [the appellant] money."

Officer DeBlanc saw appellant twice remove from the clothesline post a large "plastic container" containing numerous smaller packages of a powdery substance he believed to be crack. He, too, saw appellant "exchanging money with some unknown black males."

After conducting the surveillance for approximately fifteen (15) minutes, officers Berry and DeBlanc left the scene and returned to their van, parked three blocks away, to radio for a marked patrol unit to make the arrest. They waited five to 10 minutes, and when no patrol unit arrived, the officers put on bullet proof vests and raid jackets and returned to the parking lot, where they arrested appellant and Houston and retrieved a bag containing forty-two (42) rocks of cocaine from the clothesline post. The officers arrested a third person at the scene for public intoxication.

No drugs were found on appellant, and he was carrying only a comb, a cigarette, and two $5 bills.

In his first two points of error, appellant claims the evidence is insufficient to sustain his conviction. First, he contends that no one testified the item seized from the clothesline post was either the same or similar to the item the police officers observed appellant possessing during the surveillance. He contends, and rightfully so, that he is not charged with possessing drugs generally but for possessing the particular contraband that was seized. Second, he claims the evidence does not exclude all reasonable hypotheses of what could have transpired during the 10–to–15–minute gap between the time the officers saw him stash a bag in the clothesline post and their return to the scene, at which time they seized a bag containing cocaine.

The standard of review regarding sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* —— U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). To establish the unlawful possession of a controlled substance, the State must prove the accused exercised care, control, and management over the substance, and the accused knew the matter possessed was contraband. *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Crim.App.1981); *Sinor v. State,* 612 S.W.2d 591, 592 (Tex. Crim.App.1981); *Raleigh v. State,* 740

S.W.2d 25, 27 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Possession means more than being where the action is; it involves the exercise of dominion and control over the thing actually possessed. *Hausman v. State,* 480 S.W.2d 721, 723 (Tex.Crim.App.1972). Further, proof that amounts only to a strong suspicion or mere probability is insufficient, *Oaks v. State,* 642 S.W.2d 174, 179 (Tex.Crim.App.1982) (en banc), and when the defendant was not in exclusive possession of the place where the contraband was found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances that affirmatively link the accused to the contraband. *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Crim.App. 1981).

It is true that many of the usual affirmative links are not alleged: the substance was not in open view, *Hughes v. State,* 612 S.W.2d 581, 582–83 (Tex.Crim.App.1981); the place where the contraband was found was not enclosed, *Mendoza v. State,* 583 S.W.2d 396, 397 (Tex.Crim.App.1979); the accused was not the owner of the place where the contraband was found, *Moulden v. State,* 576 S.W.2d 817, 820 (Tex.Crim. App.1978); nor were there fingerprints, *Higgins v. State,* 515 S.W.2d 268, 271 (Tex. Crim.App.1974), recent drug use or evidence thereof, *Reyes v. State,* 575 S.W.2d 38, 40 (Tex.Crim.App.1979), furtive gestures, *Wilkes v. State,* 572 S.W.2d 538, 540 (Tex.Crim.App.1978), or an attempt by appellant to flee from the scene. *Waters v. State,* 491 S.W.2d 119, 121 (Tex.Crim.App. 1973).

In addition, we are somewhat disturbed by the ten to fifteen minutes that passed in which the officers did not observe either the appellant or the cocaine. However, the Court of Criminal Appeals has affirmed convictions of unlawful possession in cases in which a bag of LSD capsules went unobserved "for a few minutes," *Floyd v. State,* 494 S.W.2d 828, 830 (Tex.Crim.App.1973), and a package of heroin was out of sight for three to five minutes while the arrest was being made and no other persons were seen in the immediate area. *Noah v. State,*

495 S.W.2d 260, 263 (Tex.Crim.App.1973). In both instances, the defendants pitched the drugs while attempting to escape from an officer in pursuit, and the officers had to make the arrest before returning to retrieve the drugs. Also, less time elapsed than in the instant case; but as here, the drugs were recovered from the exact location the officer(s) had seen them previously. *Id.; Floyd,* 494 S.W.2d at 830.

■ We concede that many of the usual affirmative links are missing in the instant case, and we doubt the wisdom of *both* officers dropping their surveillance during crucial moments preceding the arrest. However, what is lacking from cases in which the State tries to link drugs to someone based upon proximity to the contraband or control of the premises is prominent here: there is direct testimony from the two officers who observed appellant stashing a bag containing smaller baggies of what appeared to be cocaine into the open end of a clothesline post. Following the arrest ten to fifteen minutes later, the officers retrieved a bag containing smaller baggies of cocaine from the appellant's exact hiding place. We cannot conceive, nor does appellant offer, any reasonable hypothesis other than appellant's guilt. *Sinor,* 612 S.W.2d at 593–94. Appellant does suggest that someone else could have placed a different bag in the clothesline post during the ten-to-fifteen-minute period. We are hard-pressed to accept that as a reasonable hypothesis under these circumstances. To do so would mean that another person would have had to dispose of the bag that appellant handled and replace it with a different bag precisely during that segment of time. There is no evidence suggesting that, nor is there any indication that the trade was so brisk in the substance of the small baggies that a new one was placed therein; nor is there any evidence that there was more than one bag found in the clothesline post. The jury was entitled to review this circumstantial evidence, and we see no reversible error in their considered verdict. We overrule appellant's first two points of error.

Finally, appellant contends that he is entitled to credit for five days that he served in jail after arrest but prior to sentencing. In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court. TEX.CRIM.PROC. CODE ANN. art. 42.03 § 2(a) (Vernon Supp. 1989); *Jones v. State*, 596 S.W.2d 134, 139 (Tex.Crim.App.1980). The record reflects that appellant was arrested on August 28, 1987 and bonded out on September 1, 1987, and the State offers no evidence to rebut what appears likely from the record. The sentence must be reformed to show that credit is given for time spent in jail after appellant was arrested.

The judgment is affirmed, as reformed.