**Janice Faye WASHINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0595–89.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1990.

Rehearing Overruled Nov. 21, 1990.

Brian W. Wice, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr., Frances M. Northcutt, J. Harvey Hudson and Roberto Gutierrez, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

1. Now the Texas Department of Criminal Jus-

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of aggravated robbery. The jury assessed punishment at fifty years confinement in the Texas Department of Corrections.[1] The court of appeals affirmed appellant's conviction in an unpublished opinion, holding that the parole law instruction was not unconstitutional. *Washington v. State*, Tex.App. No. 01–86–00481–CR, 1987 WL 14557 (Delivered July 23, 1987). This Court, in an unpublished opinion, remanded appellant's case to the Court of Appeals in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988), to conduct a harmless error analysis under the guidelines of Tex. R.App.Pro 81(b)(2). In a published opinion, the court of appeals found the inclusion of the parole law instruction was harmless beyond a reasonable doubt. *Washington v. State*, 768 S.W.2d 497 (Tex.App.—Houston [1st Dist.] 1989). This Court then granted appellant's petition for discretionary review on May 9, 1990.

We now find that our decision to grant the appellant's petition for discretionary review in order to determine whether the court of appeals erred in their holding was improvident. Tex.R.App.Pro. 202(k). *See Arnold v. State*, 786 S.W.2d 295 (Tex.Cr. App.1990).

With this understanding, we dismiss the appellant's petition for discretionary review.

It is so ordered.

McCORMICK, P.J., concurs in the result.

TEAGUE, J., dissents.

STURNS, J., not participating.

CLINTON, Judge, dissenting.

This is a typical *"Rose* harm" case: having heard all about parole law, a jury assesses punishment for a term of years less than that the prosecution called for and

tice, Institutional Division.

less than some appellate judges are habituated to expect in ordinary context of "overwhelming evidence of heinous, premeditated crime," that "more than justifies the jury's assessment[.]" *Washington v. State*, 768 S.W.2d 497, 498 and 500 (Tex. App.—Houston [1st] 1989). We isolated and discussed this phenomenon in *Arnold v. State*, 786 S.W.2d 295, at 312, n. 24 (Tex.Cr.App.1990).

The court of appeals recognized and acknowledged the trial judge did not give a *Rose* "curative instruction," but it characterized the last sentence of the § 4(a) instruction as "the court's limiting instruction," observing it was "the court's 'last word' on the subject of parole," and converted it into a "rebuttable presumption." *Washington v. State*, supra, at 499–500. However, in *Arnold v. State*, supra, we made plain that "no part of a § 4 instruction can reasonably be characterized and fairly regarded as 'curative.'" *Id.*, at 311, n. 23. Thus the very foundation of the opinion below is flawed.

Thereafter, both prosecutor and defense counsel discussed ramifications of declarations in a § 4(a) instruction; at one point the prosecutor recommended the jury assess not less than fortyfive years but he still requested life, and in closing argument the prosecutor told the jury straightout: "Well, it doesn't matter if you give *her* ninety-nine years or if you give *her* sixty-five years. Anything over sixty is just there. If *you* want *her* to spend twenty years in the penitentiary before *she* is eligible for parole, you've got to give *her* life or sixty years," and again asked for life. *Id.*, at 499.

Notwithstanding those explicit statements by the prosecutor, consonant with its notion that "the evidence more than justifies the jury's assessment," the court of appeals found "no evidence that the jury disregarded the court's limiting instruction," and reasoned that "if the jury had disregarded the instruction, it *likely* would have assessed appellant's punishment at 60 years or life imprisonment, as requested by the prosecutor," so the "presumption" that the jury followed the "cautionary instruction" was not rebutted. *Id.*, at 500. But if there is any presumption at work here, it is that the jury considered, as the court expressly instructed it could, the existence of the parole law as declared in the § 4 instruction to inform its "assessment of punishment." *Arnold*, supra, at 298–299.

"The evil to be avoided is the consideration by the jury of parole in assessing punishment." *Rose v. State*, 752 S.W.2d 529, at 535, quoting *Clark v. State*, 643 S.W.2d 723, 725 (Tex.Cr.App.1982). Even assuming the jury adhered to what we have determined is not a limiting instruction, and thus did not consider "the *manner* in which the parole law may be applied to [her]," that would not reasonably make it "likely" to assess sixty years or life. The jury well knew from the § 4(a) instruction and argument of counsel that in light of its own finding that appellant used or exhibited a deadly weapon "she will not become eligible for [*any* application of the parole law] until the actual time [she] served equals one-third of the sentence [the jury] imposed or twenty years, whichever is less, *without consideration of any good time she may earn*." And we have seen that "once a jury comes to understand that any term of years beyond the formula number has no effect on eligibility for parole, ... jurors are willing to settle on a term higher than the minimum but within the limits of the formula." *Arnold*, at 306, and 312, n. 24; see also *Jones v. State*, 725 S.W.2d 770 (Tex.Cr.App.—Dallas 1987) PDR refused.

Here the minimum term is five years; eighteen years old with one child and pregnant, appellant applied, proved her eligibility and argued for probation which the jury rejected, leaving only the question of her serving a term of imprisonment. The prosecutor requested life but recommended not less than fortyfive years, explaining that life or sixty years meant she would spend twenty years before becoming eligible for parole.

The jury settled on fifty years, and in my judgment a rational appellate court could not determine and declare beyond a reasonable doubt that the error in allowing jurors

to consider aspects of the parole law stated in the § 4 instruction did not influence the jury adversely to appellant in assessing punishment, *Arnold,* supra, at 299, that it made no contribution to punishment assessed against appellant. See *Payne v. State,* 786 S.W.2d 295, at 320–322 (Tex.Cr. App.1990); cf. *Hooper v. State,* 786 S.W.2d 295, at 318–320 (Tex.Cr.App.1990).

Accordingly, I would grant review. Because by inexplicably dismissing appellant's petition as improvidently granted the majority appears willing so soon to ignore the teachings of *Arnold* et al., I must dissent.