**Andre Joseph NORMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–01112–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Discretionary Review Refused Nov. 21, 1990.

Aug. 2, 1990.

James Stafford, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Andre Joseph Norman, appeals his judgment of conviction for the offense of possession of cocaine weighing less than twenty-eight grams. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.115(a), (b) (Ver-

non 1990). Appellant waived his right to a jury trial and the court rejected his not guilty plea, finding him guilty. The court, after finding the two enhancement paragraphs of the indictment to be true, assessed appellant's punishment at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant brings two points of error in his appeal in which he asserts the trial court erred in overruling his motion to suppress evidence.

At the hearing on appellant's motion to suppress evidence, Scott Boyce, an officer for the Houston Police Department, testified that on October 4, 1988, he was on patrol in the 7900 block of Lockwood, an area of heavy narcotics trafficking, when he noticed a lot of activity in the parking lot of an apartment complex. He drove into the complex and saw appellant sitting in a chair on the porch of one of the apartments. He was fidgeting with a towel. Boyce drove past him, and noticed that appellant was still watching him. He seemed to be waiting to see when Boyce would quit watching him. Appellant leaned quickly to his right as if he was trying to conceal or discard something. Boyce stopped his patrol car and walked towards appellant to investigate. He did not intend to arrest appellant. As Boyce walked towards the apartment, appellant stepped off the porch and began to walk towards Boyce. Appellant took a step or two towards a truck that was parked in front of the apartment and bent over and pushed something under the front of the truck with his left hand. Boyce then told appellant to put his hands on the side of the truck so he could recover the object that appellant had placed under the truck. Boyce recovered a small plastic baggie containing two rocks of cocaine. Boyce then patted down appellant in order to put him in the patrol car. After putting appellant in the patrol car, Boyce picked up the rag that appellant had been handling and found a pistol lying underneath it.

In his first point of error, appellant contends that the trial court erred in overruling his motion to suppress, because, he claims, the cocaine was seized as a result of an unwarranted and unjustified temporary investigative detention. We note that the cocaine was not seized from appellant, but it was recovered from the ground where he placed it as he and Boyce approached one another. No evidence was recovered as a result of appellant's detention. However, appellant seems to contend that Boyce's approach towards him was an investigative detention requiring articulable facts to support a reasonable suspicion of criminal activity.

██ Not every encounter between a citizen and a police officer amounts to a seizure requiring constitutional justification. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). Police questioning, by itself, is unlikely to result in a Fourth Amendment violation. *I.N.S. v. Delgado*, 466 U.S. 210, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984). An investigative stop requiring articulable suspicion occurs only when a police officer accosts an individual and restrains his freedom to walk away ... *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968).

██ Police officers may approach citizens and talk with them without *any* suspicion as long as a stop is not effected. *Davis v. State*, 740 S.W.2d 541, 543 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) (defendant was not seized within the meaning of the Fourth Amendment when the police approached him in a parking lot); *Garcia v. State*, 704 S.W.2d 512, 516–17 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (exhibiting police identification and asking if the suspect would mind answering a few questions does not invoke Fourth Amendment protections); *Lopez v. State*, 681 S.W.2d 788, 790 (Tex.App.—Houston [14th Dist.] 1984, no pet.) ("mere contact"

encounter between police officer and citizen, to which Fourth Amendment is not applicable because officer has not significantly interfered with the citizen's liberty interests, occurs when officer approaches individual on the street or in another public place to ask questions; subjective thoughts of police officer are not controlling in determining whether there has been a stop); *Herrera v. State*, 665 S.W.2d 497, 502 (Tex. App.—Amarillo 1983, pet. ref'd) (a police officer does not violate the Fourth Amendment by merely approaching an individual on the street or in a parking lot).

■ We find that Boyce's approach to appellant was not a stop or a detention. Appellant was not seized until Boyce told him to place his hands on the truck. This happened after appellant threw the baggie containing the cocaine under the truck. The resulting pat down search yielded no contraband or weapons, it yielded nothing that could be suppressed. Appellant's first point of error is overruled.

In his second point of error, appellant complains that the cocaine should have been suppressed because appellant did not voluntarily abandon it.

■ Appellant relies on *Comer v. State*, 754 S.W.2d 656 (Tex.Crim.App.1986). In *Comer*, two police officers saw a truck occupied by the defendant and another man in the parking lot of a restaurant. The dome light of the cab of the truck was on, and the two men appeared to be engaged in some activity. The truck began to pull out of the parking lot, and the police stopped it to investigate. After the defendant emerged from the truck, one of the officers saw him drop a syringe onto the pavement and try to kick it under the truck. The Court of Criminal Appeals held that the defendant abandoned the syringe involuntarily as a result of the police misconduct, that is, stopping the truck without a reasonable suspicion that criminal activity was afoot. The court stated the following:

> We find no meaningful constitutional distinction between the situation where, because of police unlawfulness, the police search an individual and find contraband and the situation where, *because of police unlawfulness*, the individual throws or drops an object to the ground and the police seize it. (emphasis added.)

Therefore, the police must engage in unlawful conduct, *and* that unlawful conduct must cause a suspect to abandon contraband before that contraband is subject to suppression.

Appellant also relies on *Hawkins v. State*, 758 S.W.2d 255 (Tex.Crim.App.1988). In that case, a patrol officer saw a known drug dealer in the parking lot of a club located in a high crime district. The patrol officer pulled into the parking lot and exited his patrol car. The defendant began to walk away. The officer called to the defendant, telling him to come back because he wanted to talk to him. The defendant yelled something back and continued walking. The patrol officer radioed for assistance, and two additional officers intercepted the defendant on the sidewalk as the first officer approached from the opposite direction. The defendant then pulled a paper bag from his pocket and threw it into a ditch. The Court of Criminal Appeals held that bag and its contents should have been suppressed, not merely because the police had no reasonable suspicion before approaching the defendant, but because in approaching him in the manner described, above, they effectuated an investigative stop that was not justified by articulable facts.

■ In the present case, the record reveals neither an arrest nor an investigative detention prior to appellant's abandonment of the cocaine. Appellant abandoned the evidence before Boyce had a chance to even speak to him. His freedom of movement was not restricted in any manner before he threw the drugs underneath the truck. As discussed in appellant's first point of error, appellant was not detained until Boyce told him to put his hands on the truck, which followed appellant's abandonment of the cocaine.

Appellant would have this Court hold that when Boyce left his car and approached appellant, he was engaging in misconduct. If that were the law, a police

officer may never approach a citizen unless he has at least reasonable suspicion to justify an investigative stop. Such a position is not justified by constitutional principles or supported by case law. *See, Davis v. State,* 740 S.W.2d at 543; *Garcia v. State,* 704 S.W.2d at 516–17; *Lopez v. State,* 681 S.W.2d at 790; *Herrera v. State,* 665 S.W.2d at 502.

We find that Boyce did not engage in any misconduct causing appellant to abandon his cocaine. Boyce's mere presence did not involve Fourth Amendment concerns. We find that appellant voluntarily abandoned his cocaine simply because he saw a police officer. Appellant's second point of error is overruled.

Accordingly the judgment of the trial court is affirmed.

PAUL PRESSLER, J., not participating.