**Milbert Gene EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–024–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 1991.

Discretionary Review Refused
June 5, 1991.

Brian D. Coyne, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction of possession of a controlled substance. A jury found appellant guilty of possession of cocaine weighing less than 28 grams and sentenced him to a punishment of 57 years incarceration. In five points of error, appellant contends that the evidence was insufficient to sustain the conviction, the trial court erred in not allowing appellant to cross-examine a police officer concerning police procedure for filing charges with the District Attorney's Office, and the jury charge on good time and parole given at the punishment phase constituted reversible error. We affirm.

In his first point of error, appellant argues that the evidence was insufficient to affirmatively link the cocaine to appellant at the time of his arrest. In passing on sufficiency points, the standard of review is whether the evidence, when viewed in a light most favorable to the verdict, would allow a rational trier of fact to find every element of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

The evidence in this case indicates that Greg Transeau and David Donahue, patrol officers with Houston Police Department, saw a gold Cadillac driving without its headlights on at approximately 2:00 a.m. on September 18, 1989. They followed the car when it pulled into the parking lot of an apartment complex. Appellant got out of the car with his back to the police as three men approached his car. When the men saw the police had followed appellant into the parking lot, one man ran away and the other two turned around and started walking in the opposite direction. Appellant turned around, saw the policemen, threw something back into the car, and got a flashlight from the front seat. Officer Transeau approached the two men who were walking away and detained them long enough to establish that they lived in the complex. Transeau then returned to the car appellant was driving and saw a clear plastic bag containing a white substance on the floor of the driver's side near the brake pedal and the accelerator. A chemist with the Houston Police Department testified that the bag contained one gram of 85.3 percent pure cocaine.

 Appellant was convicted of possession of cocaine weighing less than 28 grams. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Pamph.1991). In an unlawful possession of a controlled substance case, the State must prove that the accused exercised care, control, and management over the substance and that the accused knew the matter possessed was contraband. *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex.Crim.App.1981); *Harris v. State*, 781 S.W.2d 365, 366 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Appellant argues, however, that the State failed to show that appellant exercised *actual* control over the cocaine. We disagree. Both Officer Transeau and Officer Donahue testified that appellant threw something into the car as he was being approached by the police. Additionally, Officer Transeau testified that he found no other small objects on the floorboard that appellant could have thrown into the car except the bag containing the cocaine. We find sufficient evidence for a rational trier of fact to find every element of the crime beyond a reasonable doubt. *Butler*, 769 S.W.2d at 239.

Appellant also argues that the State failed to affirmatively link him to the contraband found in the car. This court has held previously that when a "defendant [is] not in exclusive possession of the place where the contraband was found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances that affirmatively link the accused to the contraband." *Harris*, 781 S.W.2d at 367. Appellant was the only person present in the Cadillac and both arresting officers testified that none of the other men had gotten close enough to the car to place the contraband where it was found. We overrule appellant's first point of error.

■ In his second point of error, appellant argues that the trial judge erred in refusing to allow appellant to cross-examine Officer Transeau on police procedure for filing charges with the District Attorney's office. Appellant contends that his right to confrontation was violated because appellant was denied "the opportunity to show that the arresting officer *was told* by an assistant district attorney that his case against appellant was weak, in order to show that the officer might have had a reason to shade his testimony against the appellant." The trial court sustained the State's objection that the line of questioning was irrelevant. We agree with the trial court.

> The Rules of Criminal Evidence provide: "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

TEX.R.CRIM.EVID. 401. We fail to see how the police procedure for filing charges is of consequence to the determination of a charge for possession of cocaine. Even if the judge had found the evidence relevant, appellant would have been unable to introduce the hearsay statements of the assistant district attorney. We hold that the trial court's refusal to allow this line of questioning "made no contribution to the conviction or to the punishment." TEX.R. APP.P. 81(b)(2). We overrule appellant's second point of error.

■ In his third point of error, appellant argues that the trial court erred in submitting a jury charge that authorized the jury to consider the existence of good time and parole.[1] The court of criminal appeals held, in *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1987), that an instruction informing the jury of good time and parole violated a defendant's rights under due course of law and violated the separation of powers doctrine. Appellant's constitutional arguments rely entirely on the *Rose* decision. The *Rose* holding led to numerous cases bouncing between the court of criminal appeals and the courts of appeals in an effort to determine the possible harm of such an instruction. *See, e.g., Washington v. State*, 799 S.W.2d 261 (Tex.Crim.App.1990); *Sato v. State*, 797 S.W.2d 37 (Tex.Crim. App.1990); *Tollett v. State*, 799 S.W.2d 256 (Tex.Crim.App.1990).

However, effective November 7, 1989, a constitutional amendment eliminated the *Rose* issue for trials held after that date. *See Johnson v. State*, 800 S.W.2d 563 (Tex. App.–Houston [14th Dist.], 1990, pet. ref'd). Appellant's trial was held in January 1990. The amendment provides:

> The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.

TEX. CONST. art. 4, § 11(a). Appellant argues that the legislatively mandated instruction of article 37.07 exceeded the scope of the amendment. Specifically, ap-

---

**1.** The instruction given tracked the language of TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4 (Vernon Supp.1991).

pellant asserts that the amendment allowed courts to *inform* juries of the effect of good time and parole, whereas the instruction authorizes juries to *"consider* good conduct time and parole in assessing sentences." We disagree.

After informing the jury of the existence of good time and parole and the method by which parole is calculated, the trial court instructed the jury as follows:

> You may *consider the existence* of the parole law and good conduct time. However, you are *not* to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are *not* to consider the manner in which the parole law may be applied to this particular defendant. (emphasis added.)

Appellant's argument that the instruction allows juries to "factor good conduct time and parole into their sentences" is without merit. The instruction merely allows consideration of *the existence* of good time and parole. The jury was specifically precluded from calculating or considering the extent or the manner in which good conduct time or parole applied to appellant. We overrule appellant's third point of error number.

■ In his fourth point of error, appellant contends that the instruction mandated by article 37.07 violated his right to due course of law under the Texas Constitution. *See* TEX.CONST. art. I, §§ 13 & 19. Quoting from *Rose*, appellant argues that "[t]he risk that punishment will be based on extraneous considerations is intolerable in a society that constitutionally demands concepts of fundamental fairness be honored in its criminal justice system." *Rose*, 752 S.W.2d at 537. Appellant ignores the fact that the article 37.07 instruction is also *constitutionally* authorized.

■ Appellant argues further that the amendment is in fatal conflict with the bill of rights of the Texas Constitution. He argues that the language of the constitution declares the bill of rights to be inviolate and any conflict between the general powers of government and the bill of rights should be controlled by the latter. The Texas Constitution provides:

> To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

TEX.CONST. art. I, § 29. Article 37.07, however, is a law that is no longer contrary to the constitution. The commentary to section 29 states:

> This section, in excepting everything in the bill of rights out of the general powers of government and stating such rights included therein are to remain inviolate, places these rights beyond the power of the state government to usurp: *it reserves these rights to the people.*

*Id.,* Interpretive Commentary (emphasis added). In accordance with TEX. CONST. art. 17, § 1, the constitution was duly amended by the people of the state of Texas. The Legislature, by itself, did not usurp any of appellant's rights through the reenactment of article 37.07. The people, through a constitutional amendment, authorized the jury instruction given in this case. We overrule appellant's fourth point of error.

In his fifth point of error, appellant argues that article 37.07 violates the doctrine of separation of powers. Relying once again on *Rose*, appellant contends that the power of clemency is essentially an exercise of executive power and the Legislature is powerless to interfere. However, the instruction delineated by the Legislature in article 37.07 is specifically authorized and derived from a constitutional amendment. TEX.CONST. art. IV, § 11(a). The Texas Constitution now authorizes the legislative department to enact laws that require courts, the judicial department, to inform juries about the effect of good conduct time and eligibility for parole, a matter within the province of the executive department. The separation of powers issue under *Rose* is now rendered moot because of the constitutional amendment. *See Rose*, 752 S.W.2d at 533–35. We overrule appellant's fifth point of error.

Accordingly, we affirm the judgment of the trial court.