**Darryl TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–00357–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 1991.

John R. Wells, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Darryl Taylor, appeals his judgment of conviction for the offense of possession of a controlled substance, to wit, cocaine weighing less than 28 grams by aggregate weight including any adulterants and dilutants. TEX.HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.115(a), (b) (Vernon Supp.1991). The jury rejected appellant's not guilty plea and found him guilty as charged in the indictment. The court, after finding the enhancement paragraph to be true, assessed punishment at twelve (12) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Viewed in light most favorable to the verdict the evidence is as follows: On October 16, 1990, Officer Edwin A. Kettler of the Houston Police Department was on patrol in a particular area of Houston which was known for its high crime—narcotics, gunfire, and stolen cars. Citizens had given the police numerous complaints concerning the narcotics activity, gunfire, and stolen cars in this neighborhood. As Kettler passed a particular residence, at 6507 Heite Street, in this neighborhood, he saw a number of men standing around a new car at the rear of the residence.

In addition to the neighborhood in general, the police had received citizen complaints concerning this particular residence. Kettler thought that the men might be stripping a stolen car. Kettler informed his dispatcher, and he requested additional patrol units to assist him in investigating the matter. Soon thereafter, a number of patrol units notified Kettler that they were in the area. When the officers arrived at the residence, they parked their patrol cars and got out.

Kettler saw that the other men standing around the new car were throwing a number of items down, and the officer walked over in order to cut off any escape by those individuals. Kettler checked the license plate number of the new car parked at the rear of the residence, and there was no report that the vehicle was stolen at that time. Meanwhile, Kettler had noticed that appellant was sitting in the driver's side of a vehicle that he had previously seen parked in front of the residence. This was a black 1988 Jeep Cherokee.

Officers Garland Scott and S.A. Baker of the Houston Police Department arrived at the residence in separate patrol cars in order to assist Kettler. As Officers Scott and Baker got out of their patrol cars, they saw appellant throw out of the vehicle's window and onto the ground a number of items that appeared to be cocaine. Appellant was alone in the vehicle. Scott and Baker had not initially intended to approach appellant in the vehicle parked in front of the residence.

Officer Scott walked over to the area where appellant had thrown the items and recovered three rocks of what appeared to him to be crack cocaine. Nothing else was on the ground in this area. Baker walked over to appellant and had him get out of the vehicle. At this time, appellant gave the officers a false name at the scene, and he had no identification.

Baker conducted a field test of the substance recovered by Officer Scott, and it tested positively as cocaine. These three rocks of crack cocaine were worth about $125.00. Appellant was arrested at that time and placed in Officer Baker's patrol car. When appellant was taken to the police station, he was fingerprinted, and his true identity was learned at that time. An analysis of the substance that appellant

had thrown to the ground confirmed that it was 1.5 grams of 86.7 percent pure cocaine.

■ In his first point of error, appellant claims, the court erred in admitting into evidence the cocaine seized in an uninvited and unlawful entry onto private property by police, without any probable cause to arrest, search, or investigate, and in the absence of a search warrant, in violation of the Fourth amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution. Appellant's trial attorney affirmatively asserted that he had no objection to the admission of the cocaine into evidence. Therefore no error has been preserved for the purposes of appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App.1986); TEX.R.APP.P. 52(a).

■ Even if we address the merits of appellant's point of error he cannot complain about any allegedly illegal "search" or "seizure" because he abandoned the cocaine before any alleged "search" or "seizure" occurred. When police take possession of abandoned property, there is no seizure under the Fourth Amendment. *Clapp v. State*, 639 S.W.2d 949, 953 (Tex.Crim.App.1982); *Sullivan v. State*, 564 S.W.2d 698, 702–04 (Tex.Crim.App.1978). *See California v. Hodari*, — U.S. —, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991).

Even had appellant's trial attorney made an objection to the admissibility of the cocaine in this case, the trial court would not have erred in admitting the cocaine. *Washington v. State*, 810 S.W.2d 313, 314 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Norman v. State*, 795 S.W.2d 249, 250–51 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

■ Appellant seems to contend that Officer Scott's approach towards him was an investigative detention requiring articulable facts to support a reasonable suspicion of criminal activity. Not every encounter between a citizen and a police officer amounts to a seizure requiring constitutional justification. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). Police questioning, by itself, is unlikely to result in a Fourth Amendment violation. *I.N.S. v. Delgado*, 466 U.S. 210, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984). An investigative stop requiring articulable suspicion occurs only when a police officer accosts an individual and restrains his freedom to walk away … *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968).

■ Police officers may approach citizens and talk with them without *any* suspicion as long as a stop is not effected. *Davis v. State*, 740 S.W.2d 541, 543 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) (defendant was not seized within the meaning of the Fourth Amendment when the police approached him in a parking lot); *Garcia v. State*, 704 S.W.2d 512, 516–17 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (exhibiting police identification and asking if the suspect would mind answering a few questions does not invoke Fourth Amendment protections); *Lopez v. State*, 681 S.W.2d 788, 790 (Tex.App.—Houston [14th Dist.] 1984, no pet.) ("mere contact" encounter between police officer and citizen, to which Fourth Amendment is not applicable because officer has not significantly interfered with the citizen's liberty interests, occurs when officer approaches individual on the street or in another public place to ask questions; subjective thoughts of police officer are not controlling in determining whether there has been a stop), *Herrera v. State*, 665 S.W.2d 497, 502 (Tex. App.—Amarillo 1983, pet. ref'd) (a police officer does not violate the Fourth Amendment by merely approaching an individual on the street or in a parking lot.)

■ We find that Officer Scott's approach to appellant while sitting in the Jeep was not a stop or a detention. Appellant was not seized until after appellant threw the rock cocaine out of his hands onto the ground. Scott testified that he retrieved

the rocks of cocaine from the ground and then appellant was seized. Appellant's first point of error is overruled.

In his second point of error, appellant asserts the court erred in admitting into evidence testimony of a police officer as to how many calls for crimes and other police services there had been at the house and area where appellant was arrested, where it is uncontroverted that appellant did not live at or frequent this location and where this testimony was not connected to appellant in any way or relevant, other than to prejudice the jury against appellant as a criminal generally associated with that house and area. The following transpired during the trial prosecutor's direct examination of Officer Baker:

Q. Would you tell the ladies and gentlemen here why you are familiar with the area:

A. We received numerous complaints from citizens in the area of drug sales and shots being fired at night and abandoned, stolen cars, all types of criminal activity at that location.

Q. Could you give us just an estimation?

DEFENSE ATTORNEY: I would object to the general term that location. I would like for that to be more specific, if possible.

THE COURT: Sustained.

PROSECUTOR:

Q. Okay, officer, why don't you tell us are you familiar with 6507 Heite Street?

A. Yes, ma'am.

Q. Would you tell the ladies and gentlemen very specifically how you know that location?

A. As I stated before, there have been many calls and complaints by citizens in this area of drugs being sold at that location.

Q. Citizens in the neighborhood?

A. Yes, sir.

Q. About how many calls—I believe you said calls for—

DEFENSE ATTORNEY: If I may take the witness on voir dire for a moment.

THE COURT: Not yet.

PROSECUTOR:

Q. What types of calls have you received specifically in response to that location, 6507?

A. Drugs being sold and shots being fired and cars being stripped and left in the street in that area.

Q. Could you give me an estimate say over the, oh, six month period surrounding the time of this incident about how many police cars had to be dispatched to this location?

A. I believe it was approximately seventeen police calls for that area.

Q. Did that include calls coming in from citizens in the area that did not result in police officers?

A. No, those seventeen were strictly police cars for service through the police dispatcher. That is not counting citizen complaints to the substation or us being stopped on the street and citizens telling us about the activity.

Q. How about written complaints, do you get any written complaints about this same location?

A. Yes, ma'am, many locations.

Q. Are we talking about the specific house?

A. Yes, ma'am.

Officer Kettler had already testified to similar matters during his direct and cross-examination.

In order for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection. Furthermore, an objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990). An objection is also required every time allegedly inadmissible evidence is presented. Error in allowing allegedly inadmissible evidence is cured when then same evidence comes in without objection elsewhere at trial. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex.Crim.App. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *see* TEX. R.APP.P. 52(a).

The only objection of appellant's trial attorney went to the lack of specificity in the trial prosecutor's questioning. After the trial court sustained the objection of appellant's trial attorney, the trial prosecutor began questioning Officer Baker specifically about the residence where appellant abandoned the cocaine. Appellant's trial attorney made no other objection, except to ask to take Officer Baker on voir dire on one occasion. Appellant does not present a complaint which was made at trial, therefore, no error has been preserved for the purposes of appeal.

Officer Baker's testimony, of which appellant complains under his second point of error, was relevant to show why the officers needed a number of patrol cars to investigate the possible stripping of a stolen car. The officer's testimony was necessary to describe the facts and circumstances surrounding the offense charged in this case. We find that the trial prosecutor did not err in questioning Officer Baker concerning the nature of the neighborhood in general and the residence in particular. *Wilkerson v. State,* 736 S.W.2d 656, 661 (Tex.Crim.App.1987); *Revada v. State,* 761 S.W.2d 426, 428–29 (Tex.App.—Houston [14th Dist.] 1988, no pet.). The appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.