Burney v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-104-CR

     EMITT TED BURNEY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 182nd District Court
Harris County, Texas
Trial Court # 636,169
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Burney appeals from his conviction for possession of cocaine (less than 28 grams)
with intent to deliver, for which he was sentenced to sixteen years in the Texas Department of
Criminal Justice, Institutional Division.
      On June 18, 1992, Officers Baker and Harrison of the Houston Police Department received
complaints that men were selling crack cocaine in the 2800 block of Newhoff Street. The officers
drove to that location to investigate.
      When the officers arrived they saw Appellant and some other men standing in the street next
to a Cadillac, holding some packages. There was no one inside the vehicle. As the officers
approached Appellant and his co-defendant, Lovelady, looked up and they looked surprised. 
Appellant tossed the package he was holding into the vehicle and began walking toward the
officers. Lovelady placed a clear plastic baggie that contained a large piece of crack cocaine under
the vehicle. Another man at the scene ran away.
      The officers exited their patrol car, Officer Harrison detained Appellant, and Officer Baker
recovered the package Appellant had tossed into the vehicle. The package tossed into the vehicle
was in plain view inside the vehicle and it turned out to be a large "cookie" of crack cocaine. The
large "cookie" of crack cocaine that Lovelady had placed under the vehicle was recovered and
both Lovelady and Appellant were arrested. Later analysis confirmed that the package Appellant
tossed into the vehicle contained 26 grams of eighty-three percent pure cocaine worth about
$2,800.
      Appellant was convicted by a jury and punishment was assessed by the judge at sixteen years
in prison. He appeals on four points of error.
      Point one contends "there was no probable cause to justify the warrantless arrest of
Appellant." The officers received complaints that cocaine was being sold in the 2800 block of
Newhoff Street. They drove there to investigate. When they arrived they saw Appellant and two
others standing in the street next to a Cadillac and Appellant and another were holding packages. 
As the officers approached Appellant and his co-defendant looked up. Appellant then tossed his
package into the front seat of the Cadillac and his co-defendant placed his package under the
vehicle. The officers picked up the packages in the front seat of the car and under the wheel of
the car and, from their knowledge and experience, identified the contents of each as a large
"cookie" of cocaine. The officers then arrested Appellant and his co-defendant. Since the cocaine
was in plain view of the officers just before Appellant was arrested, the cocaine was recovered by
the officers without infringing on Appellant's rights. Appellant was properly arrested under Tex.
Code Crim. Proc. art. 14.01 which provides that a peace officer may arrest an offender without
a warrant for any offense committed in his presence or within his view. Raleigh v. State, 740
S.W.2d 25 (Tex. App.—Houston [14th Dist.] 1987, no pet.); Norman v. State, 795 S.W.2d 249
(Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). Point one is overruled.
      Points two and three assert that "the trial court erred in denying Appellant's Batson motion
in violation of both Federal and State law." At the end of voir dire two out of four black
veniremembers were chosen for the jury. Appellant's attorney then presented a Batson motion
on the basis that the prosecutor had exercised a peremptory challenge against minority juror #25. 
After the Batson motion the prosecutor offered the following racially-neutral explanation as to the
challenge to juror #25.
Mr. Hansen and I struck juror #25 for the reason of his youth. He is twenty-years
old, he is the youngest person on the panel and we were uncomfortable with him. We
don't feel he would be a good juror for that reason. We don't feel that he has accepted
sufficient ties to the community that a lot of other jurors have. We struck him for that
reason. We also struck him for the reason he did not participate in voir dire discussions.
Further, he has not been employed very long at the place of his employment. I
believe the juror-information record shows he's been employed eight months as a laborer. 
He further is not married and has no kids which further backs up our belief that he has
not established sufficient ties to the community and doesn't have the experience that the
other members of the panel do and that's why we struck him.
      Appellant's attorney responded that juror #25 was not questioned during voir dire; that it was
not relevant that he was young, unmarried and had no children; and that others who were chosen
as jurors had been employed for almost as short a period of time as juror #25. The trial court
overruled the Batson motion.
      The burden of production, as well as the burden of persuasion, remains with a defendant who
is asserting that a prosecutor engaged in a discriminatory selection process to arrive at a jury and
therefore must prove the existence of purposeful discrimination. Williams v. State, 804 S.W.2d
95 (Tex. Crim. App. 1991).
      A reviewing court must not reverse a trial court's Batson decision unless the reviewing court
is left with a firm conviction that a mistake has been committed. Harris v. State, 827 S.W.2d 949,
955 (Tex. Crim. App. 1992).
      Whether a prospective juror was questioned during voir dire should be considered but is not
dispositive of whether purposeful discrimination is shown. Gerber v. State, 845 S.W.2d 460, 464
(Tex. App.—Houston [1st Dist.] 1993, pet ref'd). And peremptory challenges based on the
prospective juror's young age are consistently upheld. Barnes v. State, 855 S.W.2d 173, 174
(Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); Gerber v. State, supra; Green v. State, 839
S.W.2d 935, 939 (Tex. App.—Waco 1992, pet ref'd).
      Appellant failed to satisfy his burden to show that the peremptory challenge to juror #25 was
exercised on the basis of purposeful discrimination. We do not have a conviction that the trial
court's finding was erroneous. The trial court did not err in denying Appellant's Batson motion. 
Points two and three are overruled.
      Point four asserts "the evidence was legally insufficient to sustain the conviction." In
reviewing a sufficiency of the evidence point, an appellate court should determine whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319; Rabbini v. State, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992).
      Appellant was standing at a location at which it was reported to the police that men were
selling cocaine. Appellant and the co-defendant both were holding a package in their hands. 
When the police arrived at the location, Appellant who looked surprised, threw the object he was
holding into the open window of a nearby vehicle. The co-defendant placed the object he was
holding under the vehicle. The object Appellant tossed into the vehicle was in plain sight in the
vehicle and was recognized by the officers as a large "cookie" of crack cocaine which would
normally be cut up into rocks of crack for retail sale. The jury was justified in finding that
Appellant abandoned the large "cookie" of cocaine, hoping the officers did not see him throw it
into the vehicle. The officers recognized the contents of the packages as crack cocaine and
laboratory testing confirmed that it was such. The amount was so great that it was much more
than could be for individual use and in such shape and amount as used for breaking up and selling
to others.
      Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found that Appellant possessed cocaine with intent to deliver. Blackmon v. State, 830
S.W.2d 711, 714 (Tex. App.—Houston [1st Dist.] 1992, pet ref'd); Edwards v. State, 807 S.W.2d
338, 339 (Tex. App.—Houston ]14th Dist.] 1991, pet ref'd). Point four is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 13, 1995
Do not publish