Opinion issued February 12, 2013



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-11-00805-CR

—————————————

**LARRY D. SHAW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 129622701010**

---

## MEMORANDUM OPINION

A trial court convicted appellant, Larry D. Shaw, of the state jail felony offense of possession of less than one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b) (West 2010). The trial court assessed punishment at two years in state jail, and it suspended imposition of

punishment, placing Shaw on community supervision for two years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (West 2006). On appeal, Shaw argues that the State presented insufficient evidence that he possessed the cocaine. We affirm.

**Background**

Shaw and another man, Mike Johnson, were walking in the street at night after a party. Johnson was drinking from a brown paper bag containing a bottle of vodka. Two Houston Police Department officers on patrol saw the two men walking toward them in the street. Because a sidewalk was available, it was a misdemeanor offense for the men to walk down the street. *See* TEX. TRANSP. CODE ANN. §§ 542.301, 552.006 (West 2011). One officer turned on the patrol car's headlamps and illuminated the two men, who were then 25 feet from the patrol car.

At trial, both officers testified that after they turned on the lights, they saw Shaw "flip" something behind his back with his left hand while keeping his left arm straight. They simultaneously saw Johnson take a drink from the bottle. They also testified that Shaw made eye contact with them and appeared as if he were going to run.

After detaining the two men, one officer retrieved a small bag containing crack cocaine, which was about three to five feet from where Shaw had been standing when they saw him "flip" something behind his back. The officers arrested Shaw for possession of a controlled substance. A chemist subsequently

2

confirmed that the substance in the bag was cocaine and that it weighed less than one gram.

Shaw testified at trial that he did not have cocaine in his possession that night. He said that he never moved to throw anything to the ground when the officers turned on their lights, and he also said he did not contemplate running from the officers.

**Analysis**

In his sole issue on appeal, Shaw argues that the evidence was legally insufficient to show that he possessed the bag of cocaine found on the street. Specifically, he argues that at the distance and the angle from which the officers were positioned, it would have been impossible for them to see him throw the bag. Shaw contends that because the officers were facing him at the time, and because they were 25 feet away, it would have been impossible for them to witness anything that his hand did behind his back. He also contends that it was impossible for the officers to see him allegedly disposing of the cocaine and simultaneously observe Johnson taking a drink. Therefore, Shaw argues, it was implausible and irrational to conclude beyond a reasonable doubt that he possessed cocaine.

Both officers testified they saw Shaw use his left hand to toss something behind his back, and that they saw a baggie fly across the street behind him and

land a few feet from where he was standing. They also testified that Shaw looked as if he were going to run. After detaining Shaw, one officer retrieved the bag, the contents of which subsequently tested positive for cocaine. The State argues that the testimony of the officers about the sequence of events, including Shaw's display of a "consciousness of guilt" by throwing the bag, was sufficient for the trial court to rationally conclude that Shaw knowingly and intentionally possessed the cocaine.

In reviewing the legal sufficiency of the evidence to support a criminal conviction, a court of appeals will determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton,* 235 S.W.3d at 778. On appeal we may not re-evaluate the weight and credibility of the record evidence and thereby substitute our own judgment for that of the factfinder. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The testimony of a single eyewitness may constitute

4

legally sufficient evidence to support a conviction. *See Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).

A person commits an offense under Texas law if he knowingly or intentionally possesses cocaine weighing less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b). In order to establish the unlawful possession of a controlled substance, the State must prove: (1) the accused exercised care, custody, control, or management over the contraband; and (2) the accused knew the matter possessed was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) (defining "possession" as "actual care, custody, control, or management"); *Hubert v. State*, 312 S.W.3d 687, 690 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

When the accused does not exclusively possess the place where the contraband is found, the State must establish independent facts and circumstances that affirmatively link the accused to the contraband. *Blackman v. State*, 350 S.W.3d 588, 594–95 (Tex. Crim. App. 2011); *Cole v. State*, 194 S.W.3d 538, 548 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The number of links is not as important as the logical force they collectively create to prove that a crime has been committed. *Cole*, 194 S.W.3d at 548–49. The links do not have to be so strong as to negate every other reasonable hypothesis other than the defendant's

guilt. *See Laster v. State*, 275 S.W.3d 512, 520 (Tex. Crim. App. 2009). Mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). But presence or proximity, when combined with other factors linking the accused to the contraband, may be sufficient to establish that element beyond a reasonable doubt. *Id*.

The court considers the links that are present in the evidence. *See Hubert*, 312 S.W.3d at 691. A police officer's testimony that he found contraband in the exact location where he saw the accused throw an object can link the accused to the contraband. *See, e.g.*, *Floyd v. State*, 494 S.W.2d 828, 830 (Tex. Crim. App. 1973) (holding that a bag of pink LSD capsules found in a bathroom window minutes after an officer saw the accused throw a bag containing pink capsules into the window was evidence that linked the accused to the contraband); *Edwards v. State*, 807 S.W.2d 338, 339 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). Additional factors that help to link the accused and the contraband include whether the contraband was in plain view and whether the accused attempted to flee. *Cole*, 194 S.W.3d at 548.

In *Edwards v. State*, 807 S.W.2d 338, 339 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd), two patrol officers saw the accused throw a small bag into his car as they were walking toward him, and they later found a small bag containing

6

cocaine on the floor of his car. *Edwards*, 807 S.W.2d at 339. The officers testified there were no objects on the floor other than the bag of cocaine. *Id*. The court of appeals held that this evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt every element of possession of a controlled substance. *Id*.

Both officers saw Shaw toss a small bag to the ground using his left hand, and the officers later retrieved a small bag of cocaine from the street where they had seen Shaw "flip" the bag. Both officers testified that Shaw appeared as though he contemplated running. As the sole factfinder, the trial court can accept one version of facts and reject another. *See Long v. State*, 245 S.W.3d 563, 570 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The logical force of the links in this case was sufficient for a rational factfinder to conclude that the bag of cocaine that the officers found in the street was the same one that the officers saw Shaw flip from his left hand. Therefore, the court could rationally conclude beyond a reasonable doubt that Shaw knowingly or intentionally possessed the bag of cocaine. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

**Conclusion**

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).