**Leon Flanagan RALEIGH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–87–027–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 1987.

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, SEARS and PAUL PRESSLER, JJ.

## OPINION

JUNELL, Justice.

Leon Flanagan Raleigh appeals a felony conviction for possession of less than 28 grams of cocaine. The jury found appellant guilty of the offense and assessed punishment at three years imprisonment.

Appellant brings two points of error asserting that (1) the trial court erred in denying his motion to suppress the cocaine given the absence of probable cause to suspect appellant of criminal activity and (2) the evidence is insufficient to support the conviction. We affirm.

Officer John Donovan and Officer Randy Smith were patrolling the 6700 block of Cullen at 4:15 a.m. on December 29, 1985, when they noticed appellant and a male companion exit the Sportsman Club. Officer Donovan testified that he had been inside the club on two previous occasions for the purpose of narcotics raids.

As the police car was being driven down Cullen, appellant's companion spotted it, at which time he turned and began to run away from the car. Officer Donovan stopped the car, in order to let Officer Smith chase the fleeing man, and then proceeded to follow appellant in the vehicle. Appellant was followed to the end of a sidewalk and onto a vacant dirt lot. With the aid of his car lights, and the surrounding business lights, the officer saw appellant step onto the dirt lot and make a throwing motion with his hand and saw a

small object leave appellant's hands and fall onto the dirt a few feet from appellant. At this time Officer Donovan exited his vehicle and placed appellant in the patrol car. The officer then walked over to the area where appellant had thrown the object and found a piece of tin foil containing three capsules of cocaine and a syringe. The tin foil was found right in the area where appellant had made the throw. After Officer Donovan drove around the corner to pick up Officer Smith, appellant was taken to the Narcotics Division of the Police Station.

■ In the first point of error appellant contends the trial court erred in overruling appellant's motion to suppress the cocaine given the absence of probable cause on the part of the arresting officer to suspect the appellant of any criminal activity when he was arrested. Appellant argues that this was a search and seizure incident to an improper arrest and the fruits of the illegal search (the cocaine) are inadmissible. However, this case does not involve the propriety of a search because appellant was never searched. The contraband was not obtained as a result of appellant's arrest and search incident thereto, but was recovered from the ground where it had been thrown by appellant. *Noah v. State*, 495 S.W.2d 260, 263 (Tex.Crim.App.1973). When contraband is thrown, dropped, or placed away from the accused in a public place, the recovery thereof does not constitute a search, and the evidence is admissible. *Tatum v. State*, 505 S.W.2d 548 (Tex. Crim.App.1974). The first point of error is overruled.

In appellant's second point of error, he argues that the evidence is insufficient to sustain the conviction.

■ The standard for judging a sufficiency question is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Texas has adopted this standard for both direct and circumstantial evidence cases. *Chambers v. State*, 711 S.W.2d 240, 245 (Tex. Crim.App.1986). This case is one of circumstantial evidence. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis but that of the guilt of appellant. *Johnson v. State*, 673 S.W.2d 190 (Tex.Crim.App.1984). *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983).

■ In an unlawful possession of a controlled substance case, the State must prove (1) that the accused exercised care, custody, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Cude v. State*, 716 S.W.2d 46 (Tex.Crim. App.1986); *Sinor v. State*, 612 S.W.2d 591 (Tex.Crim.App.1981). Where an accused is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. The affirmative link between the accused and the contraband must be such that a reasonable inference arises that the accused knew of the contraband's existence and exercised control over it. *Winter v. State*, 725 S.W.2d 728, 731 (Tex.App.–Houston [1st Dist.] 1986, no pet.). Absent these additional independent facts and circumstances affirmatively linking the accused to the contraband, it cannot be concluded the accused had knowledge of or control over the contraband. *Cude v. State*, 716 S.W.2d at 47; *Flores v. State*, 650 S.W.2d 429, 430 (Tex. Crim.App.1983); *Caldwell v. State*, 686 S.W.2d 363, 365 (Tex.App.–Houston [1st Dist.] 1985, no pet.). The additional evidence can be circumstantial as long as the evidence excludes every other reasonable hypothesis except that of the guilt of the accused. *Gutierrez v. State*, 628 S.W.2d 57, 60 (Tex.Crim.App.1980). Proof amounting to a strong suspicion is insufficient. *Johnson v. State*, 673 S.W.2d at 190, 195.

■ Appellant implies in his brief that because Officer Donovan took his eyes from the area containing the thrown object for 30–45 seconds, this should break the nexus between appellant and the contraband. On the contrary, case law shows

there is sufficient evidence to affirm a drug conviction even if the police officer returns five minutes later to recover contraband which was thrown by a defendant. In *Noah v. State*, 495 S.W.2d at 260, 263 the evidence was sufficient to support the conviction of the defendant who was seen by an officer throwing a package from his fast moving car. After the officer caught up to and arrested the defendant, he returned to the place where the package had been thrown. The officer recovered the package approximately three to five minutes after it had been thrown out of appellant's car window. The package, containing heroin, was found where there were no other packages near it and the evidence showed that there were no other persons in the immediate area who could have placed the package in its resting place. Viewing the evidence in the light most favorable to the jury's verdict, the Texas Court of Criminal Appeals concluded that the evidence was sufficient to prove possession. *Noah v. State*, 495 S.W.2d at 264; *Floyd v. State*, 494 S.W.2d 828 (Tex.Crim.App.1973).

Officer Donovan testified that there were no other people in the area of the small vacant dirt lot when appellant made the throwing motion. In this case Officer Donovan also testified he saw appellant throw an object into the vacant dirt lot and that he saw the approximate area where it landed. Within thirty to forty-five seconds the officer returned to that area and retrieved the tin foil packet containing cocaine. There was no evidence in the record that other debris or objects were located or found in the same area as the tin foil packet. These circumstances are sufficient to exclude the possibility that appellant could have thrown down another object or that someone else had dropped or thrown down the tin foil packet.

Based on the evidence, all other alternative reasonable hypotheses for the placement of the tin foil packet in its location in the small vacant lot are excluded. Considering all of the evidence we hold there was sufficient evidence to support the conviction. The second point of error is overruled. The judgment of the trial court is affirmed.