**Luerandy HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–133–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 14, 1989.

Discretionary Review Refused
March 28, 1990.

Allen M. Tanner, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and JUNELL and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant waived jury trial, and the trial court found him guilty of possession of cocaine, weighing less than 28 grams, including adulterants and dilutants. Appellant entered a plea of "true" to two enhancement paragraphs for involuntary manslaughter and possession with intent to deliver cocaine convictions, and the court assessed punishment at thirty (30) years in the Texas Department of Corrections. We affirm.

When Houston Police Officer S.K. Boyce drove into the parking lot outside a lounge in the 7900 block of Lockwood, he saw

appellant quickly duck behind a car. The Officer exited his patrol car, appellant stood up and approached the Officer, and the Officer asked appellant "to stand there for a minute" while he searched the ground. The Officer found five rocks of cocaine in a cellophane wrapper a foot and a half to two feet under the front of the car, in the area from which the Officer had seen the appellant stand up. After placing appellant under arrest, the Officer investigated further and seized an additional sixteen (16) rocks of cocaine in a trash can located three feet from the car's front bumper.

On the opposite end of the car, a female stood with her arms folded. Appellant claims the female threw down the cocaine.

In determining the sufficiency of the evidence, this Court must view all of the evidence in the light most favorable to the verdict, then determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Casillas v. State*, 733 S.W.2d 158 (Tex.Crim.App. 1986). The standard of review on appeal is the same for both direct and circumstantial evidence. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). To establish unlawful possession of a controlled substance, the State must prove the accused exercised care, control, and management over the contraband, and the accused knew the matter was contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App.1986); *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex.Crim. App.1981); *Raleigh v. State*, 740 S.W.2d 25, 27 (Tex.App.—Houston [14th Dist.] 1987, no pet.). However, as here, where the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the substance unless there are additional facts and circumstances that affirmatively link the accused to the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981).

In appellant's first, second, third, and fourth points of error, he contends there are insufficient affirmative links to support the conviction. The record does not show that appellant owned the car nor did he control the premises. *Moulden v. State*, 576 S.W.2d 817, 820 (Tex.Crim.App. 1978). There was no evidence that he was under the influence of any substance, *Reyes v. State*, 575 S.W.2d 38, 40 (Tex. Crim.App.1979); nor that his fingerprints were found on the wrappers, *Higgins v. State*, 515 S.W.2d 268, 271 (Tex.Crim.App. 1974); nor that he attempted to flee, *Waters v. State*, 491 S.W.2d 119, 121 (Tex. Crim.App.1973). He testified that lights from the patrol car had startled him and he was bending down to pick up his glasses when stopped by the officer. He contends that the woman standing nearby threw cocaine to the ground.

The State rebuts appellant's claims with evidence in the record. Appellant ducked, a furtive gesture. The cocaine, both beneath the car and in the trash can, was found within arm's reach of the appellant, and appellant's glasses were found directly above where cocaine was found. He was carrying five hundred dollars in assorted bills distributed throughout his clothing. The Officer testified that the cellophane wrapper around the cocaine could have come from a cigarette package found on appellant's person, and that it is common for drugs to be thrown or discarded prior to arrest. Additionally, the Officer said the female stood still, and the cocaine was found on the opposite side of the car from her. Without moving, she could not have discarded the cocaine. We overrule appellant's first, second, third, and fourth points of error.

In appellant's fifth point of error, he complains that the trial court erred in overruling his motion to suppress the fruits of the arrest, claiming that the record shows no more than appellant's mere proximity to the controlled substance. Although we have already addressed additional circumstances that, in our view, affirmatively link the accused to the contraband, we shall address this point of error in light of the

Court of Criminal Appeals' holding in *Comer v. State*, which established a new standard for determining whether abandonment had occurred. *Comer v. State*, 754 S.W.2d 656 (Tex.Crim.App.1986). The court applied the standard in *Hawkins v. State*, 758 S.W.2d 255 (Tex.Crim.App.1988), and *Salcido v. State*, 758 S.W.2d 261 (Tex. Crim.App.1988). The court held that abandonment of the contraband must be voluntary, and if abandonment was merely the direct result of police misconduct—for example, an improper detention—the evidence must be suppressed. *Comer*, 754 S.W.2d at 659; *Hawkins*, 758 S.W.2d at 255; *Salcido*, 758 S.W.2d at 264.

■ This case is clearly distinguishable from the cases which have required suppression of evidence that was abandoned after an unwarranted investigative stop. Here, appellant abandoned the property when he saw the Officer drive into the parking lot. In *Hawkins*, the Court of Criminal Appeals recognized this distinction by noting that the Supreme Court of Louisiana had found no expectation of privacy when the evidence was abandoned *before* police intruded on the accused's freedom of movement. *Hawkins*, 758 S.W.2d at 258. The court also stated that in *Brown v. United States* it was not error to admit into evidence stolen articles that the accused dropped or abandoned *before* any police activity that could be characterized as an illegal arrest. *Id.* (citing *Brown v. United States*, 261 A.2d 834, 835 (Ct. App.D.C.1970)). We find no error in the trial court's refusal to exclude the narcotics from evidence, nor do we hold that the Officer's request for appellant "to stand there for a minute" necessarily constituted an illegal detention. An investigative stop may be justified by specific and articulable facts which, in light of the Officer's experience and personal knowledge, taken together with rational inferences from those facts, would reasonably warrant intrusion upon a citizen's freedom. *Hawkins*, 758 S.W.2d at 255. Officer Boyce testified that when he saw appellant "hit the ground," it was obvious to him that "something was taking place." It was approximately 1:00 a.m. in a known narcotics transaction loca-

tion where the Officer had previously arrested appellant for delivery of cocaine.

Accordingly, we affirm the judgment of the trial court.