Nathaniel WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–0587–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 30, 1991.

Discretionary Review Refused
Sept. 11, 1991.

Randy Schaffer, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, JUNELL
and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Nathaniel Washington, appeals his judgment of conviction for the offense of possession of a controlled substance, namely, cocaine weighing less than 28 grams by aggregate weight including any adulterants and dilutants. TEX. HEALTH AND SAFETY CODE ANN. § 481.102(3)(D) and § 481.115(a), (b) (Vernon Pamph.1991). The jury rejected appellant's not guilty plea and the Court, after finding the two enhancement allegations of the indictment to be true, assessed punishment at forty five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On April 4, 1991, this Court issued an opinion reversing the judgment of the District Court and remanded for a new trial as to punishment only. The State's motion for rehearing was overruled on April 25, 1991. The State filed its petition for discretionary review on May 17, 1991. Along with its petition for discretionary review the State filed a motion for reconsideration pursuant to TEX.R.APP.PROC. 101. We will grant the State's motion and reconsider and correct our opinion and judgment filed April 4, 1991.

Appellant, in his first point of error, asserts the trial Court erred in admitting the cocaine obtained as a result of a warrantless search of a matchbox. We disagree. On March 7, 1990, Officer R.L. Holmes of the Houston Police Department received a complaint concerning narcotics activity and beer drinking at a vacant lot in the 3800 block of Moses Street in Houston, Texas. Based upon this complaint, Officer Holmes assigned Officers Steven Kwaitkowski and Larry Guy of the Houston Police Department to conduct a narcotics investigation at the particular location. The officers knew that there was a great deal of drug dealing in this area of Houston.

In an unmarked vehicle, Kwaitkowski and Guy proceeded to this location where they saw appellant and two other men leaning against a pickup truck. All three men were drinking beer. This corroborated the complaint which had been given to Officer Holmes. The pickup was parked in front of the vacant lot. The officers stopped their vehicle and Guy got out to conduct his investigation of the reported narcotics activity.

As soon as Officer Guy stepped out of his vehicle, appellant tossed a matchbox under the pickup against which he was leaning. Guy knew that matchboxes commonly contained narcotics. The officer thought that appellant was attempting to get rid of some narcotics. Guy walked over to where appellant had thrown the matchbox and picked it up. Guy found two rock-like substances inside the matchbox, and he recognized this substance to be crack cocaine.

Guy then approached appellant, told appellant that he was under arrest, and handcuffed him. Neither appellant nor the other two men admitted to living at this particular piece of property. Guy kept the matchbox and the crack cocaine in his possession until he reached the police station where Officer Holmes field tested the substance inside the matchbox. This field test revealed that the substance was, in fact, cocaine. The officers then placed the evidence into the narcotics lockbox. The lab test confirmed it to be 201.6 milligrams of 91 percent pure crack cocaine.

Appellant claims that he "did not abandon the matchbox so as to justify the ensuing search. Instead, he merely attempted to conceal it from the officers." When an individual voluntarily abandons property, a police officer's action of retrieving and examining that property does not *constitute* a search of that property.

It is noted that appellant is not asserting the involuntariness of any abandonment; he is claiming that there was in fact no abandonment in this case. We disagree. When contraband is thrown, dropped, or placed away from the accused in a public place, the recovery thereof does not constitute a search, and the evidence is admissible. *Raleigh v. State*, 740 S.W.2d 25, 27 (Tex.App.—Houston [14th Dist.] 1987, no pet.).

Further, whether or not appellant's action in throwing the matchbox under the pickup constituted an abandonment on the part of appellant, we note that the matchbox was not seized as the result of any arrest or detention of appellant on the part of Officer Guy. Before ever directly confronting appellant, Guy immediately walked over to the area where appellant had thrown the matchbox, and he recovered the contraband. When an officer recovers an item from the ground where an accused has dropped or placed it, that recovery of the item does not amount to a search or seizure by the officer. *Mayham v. State* 795 S.W.2d 285 (Tex.App.—Houston [14th Dist] 1990, no pet.), *Norman v. State*, 795 S.W.2d 249 (Tex.App.—Houston [14th Dist.] 1990, no pet.), *Hall v. State*, 783 S.W.2d 14, 16 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Appellant's first point of error is overruled.

In his second point of error, appellant claims the trial court reversibly erred in enhancing punishment based on a prior 1988 conviction for delivery of hydromorphone where the clerk of the convicting court did not certify the copy of the judgment and sentence contained in the pen packet. Appellant was tried as an habitual

offender on an indictment alleging two prior Harris County convictions for delivery of marijuana in 1983 and delivery of hydromorphone in 1988. At the punishment stage, the State offered pen packets containing records concerning these prior convictions. The judgment of the conviction for delivery of marijuana was certified by a deputy district clerk of Harris County, Texas. However, the judgment of conviction for delivery of hydromorphone was not certified at all. The court overruled appellant's objection to the improper certification, admitted the pen packets, found both enhancement paragraphs of the indictment to be true and sentenced appellant to 45 years in prison.

In our prior opinion, we sustained appellant's second point of error and held that the trial court erred in considering the delivery of hydromorphone conviction to enhance appellant's punishment because the pen packet did not provide sufficient authentication for the included judgment and sentence. The judgment and sentence did not contain the certification of the district clerk of the convicting court as required by *Dingler v. State,* 768 S.W.2d 305 (Tex.Crim.App.1989). The Texas Court of Criminal Appeals on May 15, 1991 overruled *Dingler.* In *Reed v. State,* No. 222–90, —— S.W.2d —— (Tex.Crim.App. May 15, 1991, not yet reported.) the Court held that the certification of the copies of a judgment and sentence in a penitentiary packet by the record clerk of the Institutional Division of the Texas Department of Criminal Justice constitutes proper authentication under Tex.R.Crim.Evid. 901 and 902(4).

We find that the properly authenticated penitentiary packet of appellant's hydromorphone conviction (State's Exhibit No. 7) provided sufficient authentication for the included judgment and sentence. The trial court did not err in admitting State's Exhibit No. 7 into evidence. Appellant concedes that the judgment and sentence in the marijuana case (State's Exhibit No. 8) were property certified and properly authenticated. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial Court is affirmed.