**Michael D. CAREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00003–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 6, 1993.

Rehearing Denied May 27, 1993.

**86** 

Ellen L. Shelton, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## MAJORITY OPINION

BOWERS, Justice.

After the trial court overruled appellant's pre-trial motion to suppress, appellant entered a plea of guilty to the offense of possession of a controlled substance, namely cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115. The court assessed punishment at imprisonment for six years. This court must determine if the evidence seized from a matchbox that fell from appellant's person during a pat down search should have been suppressed. We reverse and remand.

On November 18, 1992, at approximately 10:30 a.m., Officer R.K. Shaw of the Harris County Sheriff's Department was contacted by the manager of an apartment complex. The apartment manager informed Officer Shaw that two individuals were sitting in an vehicle parked in the apartment complex parking lot and the manager did not recognize either individual or the vehicle.

Upon arriving at the apartment complex, Officer Shaw parked next to the vehicle and got out of his patrol car. The driver began to start the vehicle. At that time, Officer Fulshear arrived at the scene and parked his patrol car on the other side of the vehicle. The driver stopped his vehicle and Officer Fulshear approached the driver. Officer Shaw approached appellant who was seated in the front passenger seat. The window on the passenger side was rolled down. Officer Shaw asked appellant who he was and if he lived at the apartment complex. Officer Shaw testified appellant became very nervous, began sweating, began looking around in several directions and evaded the officer's questions. Concerned for his personal safety, Officer Shaw asked appellant to step out of the vehicle.

Officer Shaw conducted a pat down search of appellant and a matchbox fell from appellant's waist. Officer Shaw retrieved the matchbox from the ground, opened it and found a number of rocks that appeared to be crack cocaine. Officer Shaw conducted a field test of the substance and it tested positive as cocaine.

In his first point of error, appellant argues the trial court erred in denying his motion to suppress the evidence found in the matchbox because the initial detention of appellant was unlawful. In his second point of error, appellant argues the trial court erred in denying his motion to suppress because the search and seizure was illegal. This court must determine if the initial detention of appellant was justified; if the pat down search of appellant was justified; and if the search of the matchbox after it fell to the ground was justified.

 Circumstances short of probable cause may justify a peace officer's temporary detention of a suspect for purposes of investigation. A peace officer must have specific articulable facts that create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred and there must be some indication that the unusual activity is related to a crime.

*Garza v. State*, 771 S.W.2d 549 (Tex.Crim. App.1989). A police officer may briefly stop a suspicious individual to determine his identity or to maintain his status quo momentarily while obtaining more information. *Gearing v. State*, 685 S.W.2d 326, 327–28 (Tex.Crim.App.1985).

■ Officer Shaw testified he worked at the apartment complex as an off-duty security officer and he had known the apartment manager for approximately eight months. Officer Shaw further testified that in the past he had conducted investigations based upon information received from the same apartment manager and the manager's information had proven to be reliable. Officer Shaw also testified he knew the apartment complex was located in a high-crime area well known for drug trafficking. We find Officer Shaw was justified in conducting an investigative detention of appellant. We overrule appellant's first point of error.

■ We next decide whether Officer Shaw was justified in conducting a pat down search of appellant. In the course of an investigative detention, an officer may conduct a limited search for weapons where it is reasonably warranted for the officer's safety or the safety of others. *Valencia v. State*, 820 S.W.2d 397, 400 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Based on Officer Shaw's testimony about appellant's behavior when Officer Shaw began questioning appellant, Officer Shaw had a legitimate concern for his own safety. We find Officer Shaw was justified in conducting a pat down search of appellant.

■ We next must determine if Officer Shaw was justified in opening the matchbox after it fell from appellant's person during the pat down search. This case is controlled by *Davis v. State*, 829 S.W.2d 218 (Tex.Crim.App.1992). In *Davis*,

> Houston police officer Anthony Bonasto responded to one of three dispatch calls reporting three black males selling narcotics in front of apartment number eight in a particular apartment complex. Upon arrival, the officer observed appellant with two other black males. During

the hearing on appellant's motion to suppress the cocaine, Officer Bonasto testified that when the men saw his patrol car "they made a hasty effort" to get into a nearby vehicle. The officer stopped his car in such a way as to prevent the men from driving away. He asked them to step out of the car and place their hands on the patrol car. With the assistance of another officer, Officer Bonasto conducted a pat-down search for weapons. He searched appellant first because the officer thought it was unusual that appellant was wearing a trench coat on a sixty-five degree day. Neither of the other two men were wearing coats. When Officer Bonasto felt the pocket of the trench coat, he felt a mass solid enough to be a weapon. He reached into the pocket and found keys, papers, and a matchbox. He then opened the matchbox and found a substance that field-tested positive as cocaine.

*Davis*, 829 S.W.2d at 219.

The Court of Criminal Appeals found that the police officer was justified in making an investigatory stop. The Court, however, found that because the cocaine was not in Officer Bonasto's plain view, the search had to be limited to the discovery of weapons that could reasonably harm the officer. During a stop and frisk, in the absence of probable cause, a police officer who reasonably fears for his safety can conduct a limited search of appellant's outer clothing for weapons. "The purpose of a limited search after [an] investigatory stop is not to discover evidence of a crime, but to allow the officer to pursue investigation without fear of violence." *Id.* (quoting *Wood v. State*, 515 S.W.2d 300, 306 (Tex. Crim.App.1974)).

In *Davis*, Officer Bonasto testified he had seen narcotics hidden in cardboard matchboxes with wooden matches. He also testified that when he opened the matchbox he was looking for a razor blade or any weapon that could hurt him. *Davis*, 829 S.W.2d at 221. In the present case, Officer Shaw testified he knew matchboxes were often used to carry crack cocaine.

Unlike Officer Bonasto, however, Officer Shaw was not looking for weapons when he opened the matchbox. Also, there was no testimony that contraband was in plain view at the time the search was initiated; therefore this case is not similar to *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

In *Brown,* after stopping respondent at a routine driver's license checkpoint, the officer saw respondent drop an opaque green balloon knotted near the tip onto the seat next to him. The officer was aware that narcotics are frequently packaged in such balloons. While respondent was searching the glove compartment for his license, the officer noticed drug paraphernalia and loose white powder. The U.S. Supreme Court found that the officer properly seized the green balloon from Brown's car. The Court held that the officer had probable cause to believe that the green balloon contained narcotics based on the officer's experience and the contents of the glove compartment which suggested possession of narcotics. *Id.* at 742–43, 103 S.Ct. at 1543–44.

In *Davis,* the Court of Criminal Appeals found that although Officer Bonasto had occasionally seen narcotics hidden in matchboxes, the record did not indicate any additional facts giving rise to probable cause to search the matchbox, and unlike a balloon, a matchbox commonly contains innocent items, *i.e.,* matches. The Court found that the mere fact that the officer was investigating a possible narcotics sale, without more, is not enough to warrant further intrusion. *Davis,* 829 S.W.2d at 221, n. 5. Similarly, in the instant case, there were no additional facts giving rise to probable cause for Officer Shaw to search the matchbox. Officer Shaw's search of appellant had to be limited to the discovery of weapons that could reasonably harm Officer Shaw. Officer Shaw's search of the matchbox was not justified and the trial court erred in denying appellant's motion to suppress. We grant appellant's second point of error.

Accordingly, we reverse and remand the trial court's judgment.

ROBERTSON, Justice, dissenting.

The majority concludes that the investigative detention of appellant was justified and that the pat down search of appellant was justified. I agree. However, by some strained construction of the law and the facts, the majority concludes that the arresting officer was not justified in opening a matchbox which fell from appellant's waistband to the ground during this admittedly lawful detention and pat down search. To this latter conclusion I dissent.

The record is clear that the matchbox was not obtained as a result of any *search*; the first time the officer saw the matchbox was when it hit the ground. While the facts of this case are not the same as in the classic abandonment cases, the same rule applies. In those cases there is no search—only the recovery of abandoned property. *Washington v. State,* 810 S.W.2d 313, 314 (Tex.App.—Houston [14th Dist.] 191, pet. ref'd) (*see also* cases cited therein). In this case there was no search—only the recovery of the property after it dropped to the ground.

As a postscript, it should be added that there is no evidence that the matchbox fell from appellant's waist band other than by accident while the officer was conducting the pat down search. The rule that abandonment of contraband must be voluntary and not as a result of police misconduct, *Hall v. State,* 783 S.W.2d 14 (Tex.App.— Houston [14th Dist.] 1989, pet. ref'd), has no bearing upon the disposition of this case.

The judgment should be affirmed.