Affirmed and Opinion filed March 16, 2004














Affirmed and Opinion filed May 27, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00384-CR

____________

 

TIMOTHY LYNN HOLLAND, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 916,323

 



 

O P I N I O N

            Appellant, Timothy Lynn Holland, was charged by
indictment with possession of more than one gram, but less than four grams of
cocaine.  See Tex. Health & Safety Code Ann. § 481.115 (Vernon
2003).  The indictment also contained two
enhancement paragraphs both alleging previous convictions for possession of
cocaine.  Appellant waived his right to a
jury and entered a plea of “not guilty” to the trial court.  After weighing the evidence, the trial court found
appellant guilty, found the enhancement paragraphs to be “true,” and assessed
appellant’s punishment at confinement in the state penitentiary for a term of
twenty-five years.  In four points of
error, appellant contends (1) the trial court erred in overruling his motion to
suppress, (2) he was denied the protections of the United States and Texas
Constitutions, (3) the evidence is legally insufficient to support the
conviction, and (4) the evidence is factually insufficient to support the
conviction.  We affirm.

            On June 27, 2002, police officers from the Houston Police
Department were conducting “street level” narcotics enforcement in Houston’s Fifth Ward
neighborhood.  As they approached a
convenience store in an unmarked van, the police observed appellant, who was
between a Buick automobile and a pickup truck, standing near the driver’s side
window of the truck apparently talking to the truck’s driver.  The police van stopped on the far side of the
convenience store to permit Officer Fuller to approach surreptitiously on
foot.  However, as he exited the van, he
heard appellant say something about the “jump-out boys.”[1]  Officer Fuller then observed appellant
quickly step toward the Buick, open the passenger’s side door, toss something
inside the car, and then close the door.

            Realizing they had been recognized as police officers,
Fuller and the other officers immediately approached and detained
appellant.  Officer Fuller then saw on
the passenger’s seat of the Buick a plastic wrapper that appeared to contain a
rock of crack cocaine.  When asked,
appellant admitted that the Buick was his car, and the officers discovered he
was in possession of the keys to the car. 
Officer Fuller opened the passenger’s side door and retrieved the
contraband.  It was later confirmed by a
chemist to be more than 2 grams of cocaine.

            In his first two points of error, appellant contends the
trial court denied him the protections of the Fourth Amendment of the United
States Constitution and Article I, Section 9, of the Texas Constitution when it
overruled his motion to suppress.  While
the record reflects appellant filed a motion to suppress on November 11, 2002,
nothing therein suggests it was ever presented to the trial court for a ruling.  Apparently, no hearing was conducted on the
motion to suppress; we have found no ruling thereon in the appellate record;
and no objection was made at trial to the introduction of evidence regarding
the contraband found by Officer Fuller in the Buick automobile.

To
preserve error, the record must show that appellant made a timely request,
objection, or motion, and that the trial court ruled on it.  Tex.
R. App. P. 33.1(a)(1).  There are
two main purposes behind requiring a timely, specific objection: 1) to inform
the judge of the basis of the objection and give him the chance to make a
ruling on it, and 2) to give opposing counsel the chance to remove the
objection or provide other testimony.  Garza v. State, 126 S.W.3d 79, 82 (Tex. Crim. App. 2004).  Here, nothing has been preserved for our review.  Accordingly, appellant’s first and second
points of error are overruled.

In his
third and fourth points of error, appellant contends the evidence is legally
and factually insufficient to support his conviction.

When reviewing the legal sufficiency
of the evidence, we must view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Wilson v. State,
7 S.W.3d 136, 141 (Tex. Crim. App. 1999). 
In conducting this review, we do not engage in a second evaluation of
the weight and credibility of the evidence, but only ensure that the jury
reached a rational decision.  Muniz v.
State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

            When
reviewing claims of factual insufficiency, it is our duty to examine the jury’s
weighing of the evidence.  Clewis v.
State, 922 S.W.2d 126, 133, 134 (Tex. Crim. App. 1996).  There are two ways in which evidence can be
factually insufficient: (1) the evidence is so weak as to be clearly wrong or
manifestly unjust, or (2) the finding of a vital fact is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong.  Zuliani v. State, 97 S.W.3d 589, 593 (Tex. Crim. App.
2003).  Determining which standard
applies depends upon whether the complaining party had the burden of proof at
trial.  Id. 
If the complaining party did not have the burden of proof, then the “manifestly
unjust” standard applies.  Id.  On the other hand, if the complaining party
had the burden of proof, then the “against the great weight and preponderance”
standard applies.  Id. 
Under the Texas Court of Criminal Appeals’ modified approach, if the
defendant challenges the factual sufficiency of the elements of the offense,
even though the State had the burden of proof, we must review the evidence
using both standards.  Id. 
Thus, when reviewing factual sufficiency challenges, we must determine
“whether a neutral review of all of the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary
proof.”  Johnson v. State, 23
S.W.3d 1, 11 (Tex.
Crim. App. 2000).

Appellant contends the evidence is both legally and factually
insufficient because there was no evidence that the object he threw inside the
Buick automobile was the cocaine subsequently found on the passenger’s seat by
the police.  Under very similar facts,
courts have found the evidence of possession to be sufficient where the police
observe a defendant toss an unknown object and later find contraband in the vicinity
of the area where the abandonment occurred. 
See  Mason v. State, 99 S.W.3d 652, 657 (Tex.
App.―Eastland 2003, pet. ref’d) (evidence held legally and factually
sufficient where defendant made a “throwing-type motion away from his body”
while running from the police and police thereafter discovered crack cocaine in
the area where the gesture occurred); Hall
v. State, 783 S.W.2d 14, (Tex. App.―Houston [14th Dist.] 1989, pet.
ref’d) (evidence sufficient where police observed defendant “quickly duck behind
a car” and police later found five rocks of cocaine in a cellophane wrapper
several feet from the front of the car). 
Here, Officer Fuller observed appellant open the passenger’s side-door
of the Buick, toss something inside, and close the door.  When Officer Fuller looked inside the
vehicle, he observed the contraband on the passenger’s seat.  Accordingly, we find the evidence legally and
factually sufficient to show appellant knowing possessed the contraband at issue.

Appellant’s third and fourth points of error are overruled,
and the judgment of the trial court is affirmed.

 

 

                                                                                    

                                                                        /s/        J. Harvey Hudson

                                                                                    Justice

 

 

Judgment rendered and Opinion filed May 27, 2004.

Panel consists of Justices Yates, Anderson, and
Hudson.

Do Not Publish — Tex. R. App. P. 47.2(b).











[1] In some
neighborhoods, undercover police officers are known as “jump-out boys” due to
their practice of jumping out of vehicles to arrest persons engaged in illegal
narcotics traffic.