Affirmed and Memorandum Opinion filed June 15, 2004









Affirmed and Memorandum Opinion filed June 15, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00859-CR

____________

 

PHILLIP
RANDALL KINCHEN Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

_______________________________________________________

 

On Appeal from the 253rd District Court

Chambers County, Texas

Trial Court Cause No. 11,842

 

_______________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant pleaded guilty to
possession of a controlled substance.  In
accordance with the terms of a plea agreement, the trial court deferred
adjudication of guilt and placed appellant on community supervision for six
years.  In a single issue, appellant contends
the trial court erred in denying his pretrial motion to suppress.  We affirm.








I.  Factual Background

Appellant was a passenger in a
vehicle stopped by State Trooper James B. Crone on April 18, 2001.  Crone observed the vehicle traveling
approximately ten miles per hour below the posted speed limit on Interstate 10
and conducted a traffic stop.  During the
stop, Crone learned the car had been rented and the driver did not have a
license.[1]  Crone then asked all of the occupants,
including appellant, to exit the vehicle. 
As appellant stepped out of the car, Crone saw a brown vanilla extract
bottle stuffed in the side of appellant=s
shoe.  Crone testified that, from his
experience, liquid narcotics are transported in vanilla extract bottles.  Crone removed the bottle from appellant=s shoe,
opened it, and detected a strong odor of phenycyclidine (APCP@).  Crone arrested appellant for possession of a
controlled substance.  Prior to his
guilty plea, appellant filed a motion to suppress the PCP, alleging Crone did
not have probable cause to search inside the bottle.  The trial court denied appellant=s
pretrial motion to suppress, prompting this appeal.

II.  Standard of Review

In reviewing a trial court=s ruling
on a motion to suppress, we apply a bifurcated standard of review, giving
almost total deference to the trial court=s
determination of historical facts, and reviewing de novo of the trial
court=s
application of the law to those facts.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  If the trial court=s ruling
is reasonably supported by the record and is correct on any theory of law
applicable to the case, the reviewing court will sustain it upon review.  Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996).

III.  Analysis








Appellant contends the evidence
of the PCP contained in the vanilla extract bottle should be suppressed because
Crone lacked reasonable suspicion that the bottle contained a weapon or
probable cause to search the contents of the bottle.  Appellant=s
argument regarding reasonable suspicion pertains to Terry v. Ohio, 392
U.S. 1 (1968), which established the authority of an officer to conduct a
limited warrantless search of a detainee=s outer
clothing to determine if he is armed and dangerous.  Id. at 321.  Appellant argues that the search of the
bottle exceeded the scope of a search for weapons because it was unreasonable
for Crone to fear a weapon would be contained in the bottle.  However, there are several exceptions to the
prohibition of unreasonable searches and seizures under both the Fourth Amendment[2]
and Article I, section 9,[3]
one of which is the plain view doctrine. 
See Brimage v. State, 918 S.W.2d 466, 500 (Tex. 1994); Best v.
State, 118 S.W.3d 857, 862 (Tex. App.CFort Worth, 2003, no pet.).

For the plain view exception to
apply, the officer must be in a proper position to view the item or lawfully be
on the premises, and the fact that the officer has discovered evidence must be
immediately apparent.  Zarychta v.
State, 44 S.W.3d 155, 166B67 (Tex.
App.CHouston
[14th Dist.] pet. ref=d), cert.
denied, 535 U.S. 1105 (2002).  The
requirement that the nature of the evidence be immediately apparent means that
the officer have probable cause to associate the property with criminal
activity.  See Texas v. Brown, 460
U.S. 730 (1983); 460 U.S. at 741B42.  Assuming there is probable cause, the seizure
of property in plain view involves no invasion of privacy and is presumptively
reasonable.  Id. at 741B42. 








Probable cause exists where the
facts and circumstances within the officer=s
knowledge and of which he has reasonably trustworthy information are sufficient
in themselves to warrant a person of reasonable caution in the belief that a
particular person has committed or is committing an offense.  Amores v. State, 816 S.W.2d 407, 413
(Tex. Crim. App. 1991).  Probable cause
is a flexible, common‑sense standard and a practical probability that
incriminating evidence is involved is all that is required.  Miller v. State, 667 S.W.2d 773, 777
(Tex. Crim. App. 1984).  In determining
whether probable cause for a warrantless search and seizure exists, Courts look
to the totality of the circumstances.  Amores,
816 S.W.2d at 413.

In this case, Crone was in a
proper position to view the bottle because he made a valid traffic stop.  See Zarychta, 44 S.W.3d at 166B67.  The nature of the evidence was immediately
apparent and Crone had probable cause to associate the bottle with criminal
activity.  Crone testified that based
upon his training and experience, he knew liquid narcotics were transported in
vanilla extract bottles.  He stated that
on other occasions he had seen narcotics transported in vanilla extract bottles
and he believed there was possibly a controlled substance in the bottle.  Importantly, because Crone saw the bottle in
appellant=s shoe, as an unlikely place for
vanilla extract, the facts and circumstances led Crone to believe the bottle
contained narcotics.  Considering the
totality of the circumstances, Crone had probable cause to believe the vanilla
extract bottle contained narcotics. 
Therefore, the search of its contents was proper.  See Brown, 460 U.S. at 741B42.

To support his contention that
Crone lacked probable cause to search the contents of the vanilla extract
bottle, appellant relies on several cases in which the courts concluded that
the search exceeded the Terry frisk. 
See, e.g., Davis v. State, 829 S.W.2d 218 (Tex. Crim. App. 1992)
(involving evidence found in matchbox); Cardwell v. State, 890 S.W.2d
563 (El Paso 1994, pet. ref=d.)
(involving evidence found in food stamp coupon); Campbell v. State, 864
S.W.2d 223 (Waco 1993, pet. ref=d.)
(involving evidence found in film cannister); Carey v. State, 855 S.W.2d
85 (14th 1993, pet. ref=d.)
(finding evidence in matchbox). 








These cases, however, are
inapposite.  Here, the search is
distinguishable because Crone was not frisking appellant for weapons when he
discovered the vanilla extract bottle. 
The bottle was in plain view and, under the circumstances, Crone had
probable cause to open the bottle.  See
Brown, 460 U.S. 730.[4]

Based on this, we find the trial
court did not err in denying appellant=s motion
to suppress, and appellant=s sole
issue is overruled.  The judgment of the
trial court is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed June 15, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The driver informed Crone that
appellant was listed on the rental contract. 





[2]   U.S.
Const. Amend. IV.





[3]  Tex. Const. art. I, ' 9.  





[4]  In Brown, an officer at a
routine driver=s license checkpoint stopped a
vehicle and observed in plain view an opaque green balloon in the driver=s hand that subsequently fell to
the seat.  Id. at 733.  The officer testified that based upon his
experience in arrests for drug offenses, he was aware that narcotics frequently
were packaged in balloons.  Id. at
734.  Therefore, the officer arrested
Brown and seized the balloon and other contraband from his vehicle.  Id. 
The Supreme Court held that the officer properly seized the balloon
and reversed the Texas Court of Criminal Appeals which held otherwise.  Id. at 744.